**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:14-20375-CIV- UNGARO/OTAZO-REYES**

JORGE BOLIVAR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

OUTLINE OAKCREST ARMS, LLC, a Florida limited liability company,

Defendant.

_____________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff Jorge Bolivar's ("Plaintiff") Verified Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation (hereafter, "Motion for Fees and Costs") [D.E. 17]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Ursula Ungaro, United States District Judge [D.E. 18]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees and Costs be GRANTED IN PART.

**BACKGROUND**

On January 30, 2014, Plaintiff filed a Complaint against Defendant Outline Oakcrest Arms, LLC ("Defendant") asserting a claim for unpaid minimum wage under the Fair Labor Standards Act (hereafter, "FLSA"), 29 U.S.C. §§ *et seq*. See Compl. [D.E. 1]. Defendant made an Offer of Judgment pursuant to Rule 68 on March 20, 2014 [D.E. 8-1] which Plaintiff accepted on March 24, 2014 [D.E. 8]. On April 10, 2014, Judge Ungaro entered final judgment in favor of Plaintiff and against Defendant in the amount of $443.75, "exclusive of costs and attorneys' fees." See Final Judgment [D.E. 15].

In his Motion for Fees and Costs, Plaintiff seeks:

| | |
|---|---|
| Attorneys' Fees (12.6 hours at $300 per hour) | $3,780.00 |
| Costs ($400 filing fee; $80 service of process) | 480.00 |
| TOTAL | $4,260.00 |

[D.E. 17-2 at 3]. On May 8, 2014, Defendant filed its Response to the Motion for Fees and Costs objecting to the hourly rate, and arguing that all hours incurred after February 19, 2014 were unnecessary because Plaintiff had already been paid the judgment amount by that date. See Def.'s Resp. [D.E. 19]. Alternatively, Defendant objected to almost all time entries on Plaintiff's Counsel's fee ledger, characterizing them as either excessive or unnecessary and suggesting reduced amounts of time for each entry.

**STANDARD OF REVIEW**

It is well established that a prevailing FLSA plaintiff is entitled to recover attorneys' fees and costs based upon the plain language of the FLSA, which provides that "[t]he court… shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); see also Silva v. Miller, 547 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) (noting that "[t]he FLSA specifies compensation for both potential plaintiffs and their counsel"). Because Plaintiff was a prevailing party in this case, he is entitled to attorneys' fees and costs under the FLSA. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603-04 (2001), (defining 'prevailing party' under the various statutes awarding attorney fees as "one who has been awarded some relief by the court" through an enforceable judgment or through a court-ordered consent decree); Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1248-49 (11th Cir. 2002) (acceptance of Rule 68 offer of judgment is an "enforceable judgment" rendering Plaintiff a prevailing party). Moreover, both the Acceptance of Offer, and the Judgment explicitly provided for the recovery of attorneys' fees and costs.

The Eleventh Circuit has adopted the lodestar method to determine what are reasonable attorney's fees. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The court must find the lodestar by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." Ass'n of Disabled Arms v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006). The fee applicant bears the burden to establish the appropriate hours and hourly rates. Norman, 836 F.2d at 1303. The applicant must also supply detailed evidence of the hourly rates and time expended so that the court may properly assess the time claimed for each activity. See ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999); Norman, 836 F.2d at 1303.

## DISCUSSION

### A. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable experience, skills and reputation. Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 & n. 11 (1984); Gaines v. Dougherty Cnty. Bd. of Educ., 775 F.2d 1565, 1571 (11th Cir. 1985)). The fee applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. See Norman, 836 F.3d at 1299 (citing N.A.A.C.P. v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987)). Nevertheless, the court is "itself an expert on the question and may consider its own knowledge and experience considering reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303.

In Estrada v. Alexim Trading Corp., No. 10-23696-CIV, 2012 WL 4449470 (S.D. Fla. Sept. 26, 2012), Magistrate Judge Andrea M. Simonton stated that $325 per hour is at "the upper

end of reasonableness" for an FLSA case. Id. at *8. In his Motion for Fees and Costs, Plaintiff cited multiple FLSA cases from the past two years in which his Counsel has been awarded hourly rates ranging from $295-$300 for FLSA cases [D.E. 17 at 6-7].[1] Given the foregoing, the undersigned finds the requested hourly rate of $300 to be reasonable. See Dillard v. City of Greensboro, 213 F.3d 1347, 1355 (11th Cir. 2000) (stating that while prior awards should not be given controlling weight, there is some inferential value to them "because in theory the prior court based the award on the market rate").

**B. Reasonable Number of Hours**

A fee award should exclude from compensation hours that are "excessive, redundant or otherwise unnecessary." Norman, 836 F.2d at 1301 (quoting Hensley v. Eckehart, 461 U.S. 242, 434 (1983)). The burden rests on the claimant to submit a fee request that will enable the court to determine what time was reasonably expended. Loranger v. Stierheim, 10 F.3d 776, 782 (11th Cir. 1994). Thus, the fee applicant must provide the court with specific and detailed evidence that will permit the court to accurately determine the amount of fees to be awarded. Barnes, 168 F.3d at 427 (quoting Norman, 836 F.2d at 1303).

**(1) Fees incurred after February 19, 2014**

Defendant first argues that all hours incurred after February 19, 2014 were unnecessary

---

[1] Some of the cases are: Anderson v. Am. Relocation Servs., Inc., No. 0:13-cv-62749-UU (S.D. Fla. Mar. 18, 2014) ECF No. 20 report and recommendation adopted by ECF. No. 21 (S.D. Fla. Apr. 10, 2014) (awarding an hourly rate of $300); Charette v. Twin Air Calypso Ltd., Inc., No. 0:12-cv-61461-WPD (S.D. Fla. Jan. 31, 2013) ECF No. 27 report and recommendation adopted by ECF. No. 28 (S.D. Fla. Feb. 20, 2013) (awarding an hourly rate of $295); Martin v. Trends and Trades Unlimited, LLC, No. 9:12-cv-80398-WPD (S.D. Fla. Sept. 25, 2012) ECF No. 23 report and recommendation adopted by ECF No. 25 (S.D. Fla. Oct. 25, 2012) (awarding an hourly rate of $295); Correa v. Gelhomecare, Inc., No. 9:11-cv-80003-KAM (S.D. Fla. July 25, 2012) ECF No. 41 report and recommendation adopted by ECF. No. 44 (S.D. Fla. Aug. 22, 2012) (awarding an hourly rate of $295); Torres v. Juelle Motors, LLC, No. 0:11-cv-62620-KAM (S.D. Fla. July 25, 2012) ECF No. 17 (awarding an hourly rate of $295); Basden v. Juska, No. 9:11-cv-80385-DMM (S.D. Fla. June 27, 2012) ECF No. 28 (awarding an hourly rate of $295).

because Plaintiff was paid the full amount of the final judgment entered in this case on that date. Plaintiff responds that he should at least be entitled to attorneys' fees through acceptance of the Offer of Judgment on March 24, 2014. The undersigned finds this concession acceptable and will deduct the 4.9 hours of attorney time incurred subsequent to that date.

**(2) Specific objections to time billed**

"In order for courts to carry out their duties . . . 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" Barnes, 168 F.3d at 428 (citing Norman, 836 F.2d at 1301). Defendant makes the following objections to the time entries for work done through March 24, 2014:

| Date | Entry | Time | Defendant's objection |
|---|---|---|---|
| 1/30/2014 | Initial meeting with client regarding employment with Defendant, hours worked, job duties and responsibilities, and amounts paid; review and scanned Plaintiff's documents relating to employment | 1.4 hours | Excessive time for reviewing Plaintiff's 5 days of work; includes clerical function |
| 1/30/2014 | Draft Retainer Agreement and prepare correspondence including Retainer Agreement and welcome letter to client | 0.3 hours | A paying client would not expect to pay |
| 1/30/2014 | Search of corporate Defendant on Florida Department of Corporations Website; PACER search regarding Defendant's prior federal complaints, Lexis Nexis location and asset/liability | 0.9 hours | Excessive; unnecessary |
| 1/30/2014 | Draft Complaint, Summons and Civil Cover Sheet and filed same | 1.0 hours | Excessive; complaint same form previously used by Plaintiff's Counsel; includes clerical function |
| 1/30/2014 | Received and reviewed Judge Assignment [DE 2] | 0.1 hours | Excessive; fee paying client would expect attorney to use billing judgment |
| 1/30/2014 | Received, reviewed Summons issued to Defendant [DE 3] | 0.1 hours | Excessive; should have taken only 10 seconds |

| Date | Entry | Time | Defendant's objection |
|---|---|---|---|
| 2/27/2014 | Received and reviewed Order [DE 4] and calendared dates | 0.3 hours | Excessive; should have taken 10 seconds |
| 3/4/2014 | Received/reviewed Defendant's Answer and Affirmative Defenses | 0.4 hours | Excessive; should have taken only 0.1 hour |
| 3/11/2014 | Interoffice meeting to review file and advised paralegal to draft proposed scheduling report | 0.2 hours | "A paying client would not expect to pay for an interoffice meeting between an attorney and his paralegal. This entry should be 0." |
| 3/17/2014 | Finalized joint scheduling report and filed same | 0.1 hours | Clerical |
| 3/17/2014 | Drafted/filed certificate of Interested Party [DE 7] | 0.4 hours | Excessive; form document |
| 3/21/2014 | Fee ledger has seven separate entries at 0.1 hour each for drafting/sending emails and receiving/reviewing emails with opposing counsel and client regarding offer of judgment | 0.7 hours total | Emails "were quick or two sentence emails"; time billed for all emails should be 0.2 hours. |
| 3/24/2014 | Fee ledger has five separate entries at 0.1 hour each for drafting/sending emails and receiving/reviewing emails with opposing counsel and client regarding offer of judgment and acceptance | 0.5 hours total | Emails "were quick or two sentence emails"; time billed for all emails should be 0.2 hours. |
| 3/24/2014 | Drafted/filed Notice of Acceptance of Offer of Judgment attaching the OJ [DE 8] | 0.3 hours | Excessive |

The court finds merit in several of these objections.

Defendant identifies several entries as either purely clerical or as including clerical tasks, hence non-compensable. An attorney cannot recover for tasks that are clerical in nature. See Manriquez v. Manuel Diaz Farms, Inc., No. 00-1511-CIV, 2002 WL 1050331 at *6 (S.D. Fla. May 23, 2002). The undersigned finds that the 0.3 hour billed on January 30, 2014 to "draft

retainer agreement and prepare correspondence including retainer agreement and welcome letter to client" is clerical. See Anderson v. American Relocation Servs., Inc., No. 0:13-cv-62749-UU (S.D. Fla. Mar. 18, 2014) ECF No. 20 (rejecting request for payment for this same task, finding it to be "clerical or administrative").

The undersigned further finds that the following entries include clerical tasks.

- January 30, 2014: Initial meeting with client regarding employment with Defendant, hours worked, job duties and responsibilities, and amounts paid; review and scanned Plaintiff's documents relating to employment - 1.4 hours

- January 30, 2014: Draft Complaint; Summons and Civil Cover Sheet and filed same - 1.0 hour

- February 27, 2014: Received and reviewed Order [DE 4] and calendared dates - 0.3 hour

- March 17, 2014: Finalized joint scheduling report and filed same – 0.1 hour

Where an entry includes both clerical and legal tasks, and the court is prevented from conducting an analysis of the time spent on each task, a reduction is warranted. Machado v. Da Vittorio, No. 09-23069- CIV, 2010 WL 2949618, at *4 (S.D. Fla. July 26, 2010). Therefore, the undersigned finds that a 75% reduction of 2.1 hours to the total time billed for these three entries is appropriate. See id. (reducing entries that included clerical tasks by 75%).

Excessive time billed is not compensable. See Hensley, 461 U.S. at 434. The undersigned finds the January 30, 2014 entries of 0.1 hour for "received and reviewed Judge Assignment [D.E. 2]" and 0.1 hour for "received, reviewed Summons issued to Defendant [D.E. 2]" to be excessive given the nature of the task, hence excludable. See Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009) (finding excessive multiple entries for 0.1 hours for receiving and reviewing court papers). The undersigned also finds excessive the March 17, 2014 entry of 0.4 hour for drafting and filing the certificate of interested party as excessive, and reduces it by 0.3 hours.

After deducting 2.4 hours for entries found to be either purely clerical or including clerical tasks, and 0.5 hours for entries found to be excessive, a total of 2.9 hours is deducted from the specific time billed through March 24, 2014.

**RECOMMENDATION**

Applying the foregoing deductions of 4.9 hours for work done after March 24, 2014 and 2.9 hours for clerical or excessive entries, the reasonable time expended is 4.8 hours. Multiplying these hours times the reasonable rate of $300 per hour yields $1,440.00.

Therefore, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs [D.E.17] be GRANTED IN PART and that Plaintiff be awarded attorney fees in the amount of **$1,440.00** and costs in the amount of **$480.00** for a total award of **$1,920.00**.

The parties have fourteen (14) days from the day of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Ursula Ungaro, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 1st day of August 2014.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Ursula Ungaro
Counsel of Record